# IN THE MATTER OF THE ESTATE OF WILLIAM BRASH, DECEASED.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JULY 12, 1909.                    DECIDED JULY 14 1909.

### HARTWELL, C.J., WILDER AND PERRY, JJ.

· LANDLORD AND TENANT—*fire claim award.*

> Under Act 15 of the Laws of 1901 a lessee whose only right with reference to the buildings on the demised land is to use them during the unexpired term of the lease, is not entitled to damages for the loss of such use.

#### OPINION OF THE COURT BY PERRY. J.
(Hartwell, C.J., dissenting.)

The fire .claims commission appointed under Act 15 of the Session Laws of 1901 "to provide for the ascertainment and payment of all claims which may be made by persons whose

property was destroyed by fire in the years A. D. 1899 and 1900, under orders of the board of health," made an award No. 6680 in favor of "Estate of" one Brash for the loss of certain buildings in the sum of $800, stating on the face of the judgment, "Above award subject to interest of Claim 5451." Upon the latter claim the judgment of the commission in so far as it is material to this case was: "Award on buildings in above claim made to claim 6680 is subject to the interest as it may appear of this claim No. 5451 for $800." The buildings referred to in both of these awards stood upon land owned by the estate of Brash, and had been erected by the appellants, Pang King Chee and Lum Kan as partners under the firm name of Yee Sing Stables, who held the land under a lease which provided that all future erections and improvements on the land should be delivered up to the lessor at the expiration of the term of the lease or other sooner determination thereof. The appellee is an heir at law and devisee under the will of Brash. The order of the circuit judge now appealed from, directing payment of the whole sum of $800 to appellee, was made upon two motions, one by the appellee and the other by the appellants, filed in the above entitled matter, each movant asking for an order of payment to him of the whole sum.

It is unnecessary to attempt to construe the two awards any further than to say that neither of them contains an adjudication that the present appellants are entitled to the whole or any part of the $800. Upon what theory the commission proceeded in omitting to adjudge specifically what the lessees' right to damages was, we need not say. It may be assumed that the condition in which the commission left the matter is such that the right of the lessees in this $800 may now be determined judicially and also that the particular method of ascertainment, by motion in probate, followed before the circuit judge in this instance, is the correct one,—for we think

that the appellants are not in any event entitled to any part of the amount awarded.

Act 15 upon its face shows that the Territory in consenting to hold itself liable for losses caused by the fire of 1899 and 1900, intended to limit that liability to payment for losses of only certain kinds of property. The term "property" as used in general law and sometimes in statutes includes, it is true, many rights and interests, sometimes referred to as intangible things, and would also include a right secured by contract to the use of buildings for a stated time. In this instance, however, the statute, while providing for compensation "for the destruction of or direct damage to property by fire," specifically directs (section 7) that the commission shall allow "no claim for speculative or consequential damage or for loss of rent or use of property, or loss of profits through the interruption of business," or, omitting immaterial portions, "no claim * * * for loss of * * * use of property." This language, it seems to us, is too clear to require construction. The appellants' property, it is unquestioned, consisted merely in the right to use the buildings (and the land) during the unexpired term of the lease. While they undoubtedly suffered a loss by reason of the fire, that loss was of a kind for which under the express terms of the statute no allowance was permitted to be made.

The order appealed from is affirmed.

*J. Lightfoot* for the appellant.

*E. M. Watson* for the appellee.

### DISSENTING OPINION OF HARTWELL, C.J.

Sec. 7 of Act 15 S. L. 1901, to "provide for the ascertainment and payment of *all claims* which may be made by persons whose *property* was destroyed by fire" under orders of the board of health in connection with the suppression of the bubonic plague in Honolulu, provides that no claim shall be

considered "for loss of rent or use of property" nor for "any loss *except* for the *destruction* of or *direct damage* to property by fire or removal."

The case presents the question whether under the act lessees have a claim for loss incurred by the burning of buildings erected by them on leased premises under a lease providing that at its termination the buildings shall belong to the lessor. Was the loss to the lessees not the subject of a claim because it was the loss of the use of property, or have they also lost property which is not only capable of being lost but subject to a claim under the act? The term "property" means that which is exclusively one's own. Any title, legal or equitable, perfect or imperfect, in lands, is property. *Soulard v. U. S.,* 4 Pet. 511; *Bryan v. Kennett,* 113 U. S. 192. Property includes every species of valuable right and interest, easements, franchises and hereditaments. *Caro v. Metropolitan Elevated Ry. Co.,* 46 N. Y. Super. Ct. Rep 138. A mining claim "is property in the hightest sense of the term." *Belk v. Meagher,* 104 U. S. 283. Does the act prohibit a claim for the kind of property consisting in a right to its use and refer exclusively to losses of property owned by the claimant? I think it includes losses for the destruction of any kind of property. A lessee is subjected to loss of his property by the destruction of buildings on leased premises losing further opportunity to exercise his right to use and occupy them for the balance of the term, the reversioner losing his reversionary right in the buildings. Each was a right in and to the buildings and each right had value.

I think that the act allows claims for loss of that kind of property consisting in a right to its use to the exclusion of its owner, although not for loss of the use of property which is not exclusive. In this view the award of $800, fixed as the value of the buildings, would entitle the lessees to interest

Estate of Brash, 19 Haw. 522.

upon that sum at legal rates from the date of the destruction of the buildings until the termination of the lease, the principal, less the interest, going to the reversioner.